UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLIE TRIPLETT,

    Plaintiff,

v.                               CASE No. 8:06-CV-1721-T-23TGW

CITY OF TARPON SPRINGS, et al.,

    Defendants.

_____:

## REPORT AND RECOMMENDATION

In reviewing the pre-trial statement in this case, it appeared to me that the plaintiff's amended complaint constitutes an unacceptable "shotgun" pleading. Consequently, I recommend that, as the parties preferred, the amended complaint be dismissed without prejudice with leave for the plaintiff to file a new complaint which sets forth the specifics of each particular claim that the plaintiff is raising.

The amended complaint in count two improperly incorporates all of the allegations of count one. What is worse, the pre-trial statement clearly

demonstrates that the plaintiff has failed to set forth specific claims in separate counts as required by Rules 8(a) and 10(b), F.R.Civ.P. For example, the pre-trial statement indicates that the plaintiff has two counts, but then asserts that he has three claims against the City (Doc. 49, p. 2). The plaintiff goes on to list a number of ways in which he claims his rights were violated (id.). Reading the pre-trial statement demonstrates that the plaintiff has filed what has been condemned by the Eleventh Circuit as a "shotgun" pleading. Indeed, the Court, as recently as last week, again strongly criticized permitting such an approach. See Davis v. Coca Cola Bottling Company Consol., ___ F.3d ___, 2008 WL 314962 (11th Cir. 2008).

Furthermore, I was aware that the defendant has filed a motion for summary judgment in this case. It seemed to me that, in light of the plaintiff's failure to specify his claims, it would be extremely difficult, if not impossible, for the court to resolve the summary judgment motion.

I raised these problems at the time scheduled for the pre-trial conference. I suggested that the case might go forward based upon the lengthy stipulation of facts in the pre-trial statement. In this respect, it seemed to me that the claims that are reflected in that stipulation of facts

could be the boundaries of the plaintiff's claims. Plaintiff's counsel responded, however, that those stipulated facts covered most, but not all, of the plaintiff's claims. Consequently, plaintiff's counsel asked for permission to file an amended complaint. Such a pleading should specify, in accordance with Rule 10, each particular claim, the date of the alleged adverse employment action, and the decisionmaker with respect to each adverse employment action. The defendant had no objection to this approach. If this approach is followed, it would be recommended that the case thereafter could be fast-tracked with a new dispositive motion date, a new pre-trial date, and a new trial date.

Alternatively, the court could require the plaintiff to file a motion for a more definite statement that specifies each alleged adverse employment action, the date when the action was taken, and the decisionmaker with respect to each action. Another alternative would be not to undertake any further pleadings, but to limit the plaintiff to the claims that are reflected in the stipulation of facts. See Doc. 49, pp. 7-18. The problem with this latter approach would be that the court would still have to struggle mightily with the motion for summary judgment under the present non-specific allegations.

I therefore recommend that the complaint be dismissed with leave to amend to require much greater specificity of the plaintiff's allegations, and that, following an answer, the court set new dates in the very near future for dispositive motions, the pre-trial conference, and the trial. In all events, I am fully ready to follow any directions you have concerning this case.

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: FEBRUARY 11, 2008

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).