UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLIE L. TRIPLETT,

Plaintiff,

v.

CASE No. 8:06-CV-1721-T-TGW

CITY OF TARPON SPRINGS,

Defendant.

## ORDER

THIS CAUSE came on for consideration upon Defendant City of Tarpon Springs' Motion to Dismiss Counts II and III of the Third Amended Complaint (Doc. 63), Plaintiff Charlie Triplett's Memorandum in Opposition (Doc. 69), and the parties Stipulated Motion Regarding Count I (Doc. 64).[*] The plaintiff in counts II and III alleges procedural due process violations in connection with the termination of his employment (Doc. 61). Such claims are foreclosed by McKinney v. Pate, 20 F.3d 1550 (11th Cir. 1994) (en banc), cert. denied, 513 U.S. 1110 (1995), due to the availability of

---

[*] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 71).

adequate post-termination remedies in state court. Consequently, counts II and III of the Third Amended Complaint will be dismissed.

I.

The plaintiff, Charlie Triplett, worked for the defendant, the City of Tarpon Springs, from July 2, 1979, until he was fired on November 3, 2004, at the completion of administrative termination procedures (Doc. 61, ¶ 7). The plaintiff, who is an African-American male, alleges he was subjected to unequal treatment and dismissed due to his race (id., ¶ 12).

The plaintiff in count I of the Third Amended Complaint alleges that he was discriminated against in a number of different ways (Doc. 61). However, by stipulation between the parties, count I has been limited to a claim of a racially discriminatory termination due to unequal discipline (Doc. 64).

The plaintiff claims in count II that the termination process was unfair. He alleges that there were falsehoods asserted against him and that they were "rubber-stamped" by the administrative decision-makers (Doc. 61, ¶¶ 33, 43, 51). Thus, Triplett alleges that the city manager did not consider additional evidence he had provided in response to the charges (id., ¶ 43).

The plaintiff received a hearing before the Civil Service Board, but Triplett claims that the hearing was another "rubber-stamp" of the city's employment decision (id., ¶¶ 50, 51, 52). He alleges that these hearings violated his procedural due process right to an unbiased hearing (id., ¶ 54).

In count III, the plaintiff alleges that false accusations were made against him and that those accusations are publicly accessible to anyone. He claims that those accusations have deprived him of his liberty interest in his reputation as an efficient and productive worker (id., ¶ 60).

After the administrative remedies were unsuccessful, the plaintiff did not seek relief in state court (Doc. 1). Rather, he filed this federal lawsuit pursuant to 42 U.S.C. 1983. This case has proceeded to the Third Amended Complaint (Doc. 61). With respect to that complaint, the parties have stipulated to the interpretation of count I (Doc. 64). The defendant has moved to dismiss counts II and III (Doc. 63).

II.

A complaint may be dismissed upon motion under Rule 12(b)(6), F.R.Civ.P., for "failure to state a claim upon which relief can be granted." Recently, the United States Supreme Court retired the standard in Conley v.

Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." in favor of a stricter pleading standard. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007). Thus, although a complaint does not need detailed factual allegations, a formulaic recitation of the elements of a cause of action will not do. 127 S.Ct. at 1964-65. Rather, factual allegations must be enough to raise a right to relief above the speculative level, based on the assumption that the allegations are true (even if doubtful in fact). Id. at 1965.

The Eleventh Circuit in Watts v. Florida International University, 495 F.3d 1289, 1295-96 (11th Cir. 2007)(citations omitted), summarized the principles established by Twombly as follows:

> The Supreme Court's most recent formulation of the pleading specificity standard is that "stating such a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. The standard is one of "plausible grounds to infer." The Court has instructed us that the rule "does not impose a probability requirement at the pleading stage" but instead "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary

> element. It is sufficient if the complaint succeeds in "identifying facts that are suggestive enough to render [the element] plausible."

The Eleventh Circuit made clear that it remains the law that on a Rule 12(b)(6) motion to dismiss the pleadings are construed broadly, and the allegations in the complaint are viewed in the light most favorable to the plaintiff. 495 F.3d at 1295.

### III.

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty or property, without due process of law." It is settled that a public employee can have a property interest in continued employment that is protected by this provision. Cleveland Board of Education v. Loudermill, 470 U.S. 532, 542 (1985). The defendant, City of Tarpon Springs, does not dispute that the plaintiff was a public employee and that therefore it had an obligation to provide due process in his termination (Doc. 63).

The plaintiff alleges in count II that the administrative due process he was given was biased (Doc. 61). Tarpon Springs responds that the plaintiff had an opportunity to remedy any violation by challenging the

termination in state court and that he failed to do so (Doc. 63, pp. 3-6). This circumstance defeats the plaintiff's procedural due process claim as a result of McKinney v. Pate, supra, 20 F.3d at 1563.

In that decision, the Eleventh Circuit held that a terminated employee in Florida could not bring a §1983 action alleging a procedural due process violation because the Florida state courts provide an opportunity to remedy the violation. The court explained that, "[w]hen a state procedure is inadequate, no procedural due process has been violated unless and until the state fails to remedy that inadequacy." 20 F.3d at 1560. The Eleventh Circuit then examined the remedies available to Florida state courts in employment termination cases. Id. at 1563-64. It concluded that the state remedies were adequate to provide all the relief that was warranted. Id. The court held that, "[s]ince the Florida courts possess the power to remedy any deficiency in the process by which [the employee] was terminated, [the employee] can not claim that he was deprived of procedural due process." Id. at 1565.

In this case, the plaintiff did not seek relief from the state courts. However, neither did McKinney. The Eleventh Circuit determined in McKinney's case that the failure to pursue the state court remedies made no

difference, 20 F.3d at 1564-65, and held that "there was no due process violation and, as a result, no section 1983 claim." Id. at 1567. It is appropriate to add that, in light of the settled principles of McKinney v. Pate, there is no plausible excuse for the failure of the plaintiff to seek relief from the state courts, if the plaintiff really believed that he was denied procedural due process.

The Florida state courts therefore possess the capability to remedy inadequate procedures in employment termination cases, as McKinney v. Pate held. Consequently, the plaintiff cannot demonstrate a denial of due process and, accordingly, count II will be dismissed.

Count III of the complaint alleges that the defendant deprived Triplett of his liberty interest in his reputation when he was terminated by Tarpon Springs because false charges were placed in his personal file (Doc. 61). This is also a due process claim. As a result, it is similarly barred by McKinney v. Pate. Cotton v. Jackson, 216 F.3d 1328 (11th Cir. 2000).

There is, moreover, an additional reason why count III fails. Thus, damage to reputation, standing alone, does not establish a constitutional violation and, therefore, does not provide a basis for an action under §1983.

Siegert v. Gilley, 500 U.S. 226 (1991). In order to establish that a deprivation of a public employee's liberty interest has occurred without due process of law, the employee must prove: (1) a false statement (2) of a stigmatizing nature (3) attending a governmental employee's discharge (4) was made public (5) by the governmental employer (6) without a meaningful opportunity for employee name clearing. Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001); Cotton v. Jackson, supra, 216 F.3d at 1330.

To support his claim of a liberty interest violation, the plaintiff only alleges that his supervisors "trumped up, [sic] false, [sic] charge(s) of refusal to perform work, lack of productivity, lack of good workmanship, and not being up to required standard(s) of performance," which adversely affected the plaintiff's work reputation (Doc. 61, ¶ 68). Siegert v. Gilley, supra, demonstrates that allegations involving work performance do not rise to the level of a constitutional violation. In Siegert, the plaintiff was a clinical psychologist who resigned from employment at a federal hospital in the face of termination procedures based upon his job performance. 500 U.S. at 228. When he subsequently sought to work at another federal hospital, his former

supervisor sent a letter critical of the plaintiff, with the result that he did not receive the position he had applied for. Id. The plaintiff then sued the supervisor, alleging an infringement of his liberty interest protected by the Due Process Clause. Id. at 229. The Supreme Court held that the facts alleged by the plaintiff did not state a claim for denial of a constitutional right, despite the recognition that "[t]he statements contained in the letter would undoubtedly damage the reputation of one in his position, and impair his future employment prospects." Id. at 233-34.

Consequently, "a plaintiff is not deprived of his liberty interest when the employer has alleged merely improper or inadequate performance, incompetence, neglect of duty or malfeasance." Ludwig v. Bd. of Trustees of Ferris State University, 123 F.3d 404, 410 (6th Cir. 1997). That is all that the plaintiff has alleged in count III (Doc. 61). Therefore, count III is not only foreclosed by McKinney v. Pate, but is insufficient, as well.

In addition, the parties have stipulated to the interpretation of count I (Doc. 64). The parties have agreed to the following:

> a. The sole claim being made by Plaintiff in Count I of the Third Amended Complaint is a claim for racially discriminatory termination based on Plaintiff's contention that he was subjected to

unequal discipline with respect to his termination from employment from the Defendant.

b. The only adverse employment action alleged in Count I of the Third Amended Complaint is Plaintiff's termination by Defendant.

c. The decision-makers with respect to Plaintiff's termination are Juan Cruz and Raymond Page.

d. Count I of the Third Amended Complaint does not allege claims for racially hostile work environment, retaliation, or violation of due process.

e. All allegations in Count I of the Third Amended Complaint regarding other employment actions that could be construed as adverse employment actions are simply pled as background information and do not constitute operative facts upon which Plaintiff's claim in Count I is based.

In light of the stipulation (Doc. 64), count I will be construed accordingly.

It is, therefore, upon consideration

ORDERED:

1. That the Defendant City of Tarpon Springs' Motion to Dismiss Counts II and III of the Third Amended Complaint (Doc. 63) is hereby **GRANTED**, and counts II and III of the plaintiff's Third Amended Complaint are hereby **DISMISSED**.

2. That the Stipulated Motion Regarding Count I of Plaintiff's Third Amended Complaint (Doc. 64) is hereby **GRANTED,** and count I will be construed as agreed to by the parties.

DONE and ORDERED at Tampa, Florida, this 7th day of February, 2009.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE